

**ORDERED in the Southern District of Florida on January 13, 2010.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                    Case No.:09-23346-BKC-PGH

WILLIAM A. JERRILS, JR.,                  Chapter 13
and LISA JEAN JERRILS,

        Debtors.
_____/

<u>**ORDER GRANTING DEBTORS' MOTION TO VALUE NON-HOMESTEAD INVESTMENT PROPERTY**</u>

**THIS MATTER** came before the Court on September 23, 2009, upon William A. Jerrils, Jr. and Lisa Jean Jerrils' (collectively, the "Debtors") Motion to Value Non-Homestead Investment Property (the "Motion"), and The Bank of New York Mellon's (the "Creditor") objection thereto. The subject of the Motion is real property located at 5602 Hickory Drive, Ft. Pierce, Florida (the "Investment Property"). The parties agree that the Debtors have not used the Investment Property as a primary residence. Thus, the prohibition in 11 U.S.C. § 1322(b)(2) against modifying a mortgage on a

debtor's principle residence does not apply.  The Creditor holds a first mortgage in the Investment Property securing a note in the amount of $124,857.25.  The last payment on the mortgage is due October 1, 2035.  By agreement, the parties have determined that the value of the Investment Property is $46,500, and that an appropriate interest rate if the Motion is granted is 5.25%.

The Motion seeks to modify the Creditor's claim under § 1322(b)(2) by bifurcating the remaining debt into a secured and unsecured claim.  Pursuant to 11 U.S.C. § 506(a), the Motion proposes to value the secured claim at $46,500.  The plan would treat the balance of the debt as an unsecured claim.  The Debtors propose to continue making payments on the secured claim during the length of the existing note, or over 316 months.  The Creditor argues that the Debtors' proposal violates 11 U.S.C. § 1322(d), which limits payments under a chapter 13 plan to a maximum of 60 months.  The Debtors argue that under § 1322(b)(5), they may cure and maintain the Creditor's secured claim and continue making payments on that claim over the length of the existing note, even if the note provides for payments beyond the 60 month time limit of § 1322(d).  Both of these positions find support in case law.

The Creditor cites to courts holding that a debtor may choose to "strip and pay" a claim under § 1322(b)(2), or "cure and maintain" a claim under § 1322(b)(5), but not both.  *See, e.g.,* *Wash Mut. Bank. v. Enewally* (*In re Enewally*), 368 F.3d 1165, 1170-72 (9th Cir. 2004), *cert. denied*, 543 U.S. 1021 (2004); *In re*

*Stivender*, 301 B.R. 498, 500 (S.D. Ohio 2003); *In re Session*, 128 B.R. 147 (E.D. Tex. 1991); *In re Javarone*, 181 B.R. 151 (N.D.N.Y. 1995). The Debtors cite to courts holding that a debtor may use both §§ 1322(b)(2) and (b)(5) to bifurcate a claim and continue paying the secured portion over the length of the original note. *See, e.g.*, *Fed. Nat'l Mortgage Ass'n v. Ferreira* (*In re Ferreira*), 223 B.R. 538 (Bankr. D.R.I. 1996); *In re Murphy*, 175 B.R. 134 (Bankr. D. Mass. 1994).

The Court finds the reasoning in the cases cited by the Debtors to be persuasive. These cases rely on the plain language of § 1322(b), which "lists the provisions that may be included in a plan and connects them with the conjunctive 'and' thereby indicating that a plan may include provisions of the kind referred to in any two or more of those subsections, including (b)(2) and (b)(5)." *Ferreira*, 223 B.R. at 261. Under §§ 1322(b)(2) and (5), the Debtors may both reduce the Creditor's secured claim to the value of the collateral and maintain payments on the secured claim, over the length of the original note and beyond the length of the Debtors' chapter 13 plan.

Therefore, the Court having considered the Motion, the submissions of the parties, and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that:

1.    The Motion is **GRANTED.**

2.    The Creditor's objection is **OVERRULED.**

3.    The Creditor shall have an allowed, secured claim in the

amount of $46,500. Based on the agreement of the parties, the interest rate shall be fixed at 5.25%. The secured claim shall be amortized over the remainder of the original note, not to exceed the original maturity date thereon of October 1, 2035.

4.   The Creditor shall have 30 days from the date of this Order to file a claim for the unsecured portion of its claim.

5.   The Court reserves jurisdiction to award either party attorney's fees upon appropriate request.

###

Copies Furnished To:

Sean M. Murray
Attorney for Debtors

Wanda D. Murray
Attorney for Creditor

Robin R. Weiner, Trustee

AUST

The Clerk shall furnish a copy of this Order on all interested parties on the court matrix.